IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN E. SIERRA-LOPEZ,

              Plaintiff,

v.

ANGELA MINK, *et al.*,

              Defendants.

ORDER

19-cv-020-wmc

On January 9, 2019, plaintiff Kevin E. Sierrra-Lopez, a prisoner incarcerated at the Wisconsin Secure Program Facility ("WSPF"), filed a lawsuit against eight defendants, most of whom are employees of the Wisconsin Department of Corrections, employed at WSPF, alleging a violation of his Eighth Amendment rights based on defendants' treatment of his mental health needs beginning in the summer of 2018. (Compl. (dkt. #1).) Since filing that complaint, plaintiff has filed a supplement to the complaint, amending various pages (dkt. #9); a first amended and supplemental complaint (dkt. #18); corrections to the amended complaint (dkt. #19); and amended pages to the amended complaint (dkt. #21). None of these subsequent submissions are stand-alone documents; instead, plaintiff attempts to build on his prior submissions. All of this proves too difficult to follow. As such, the court will strike these submissions and require plaintiff to file a new complaint, which contains all of the relevant allegations and names all of the individuals against whom he wishes to proceed. *See Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

In setting forth these allegations, plaintiff should be mindful of two things: (1) plaintiff should not include allegations or claims that are duplicative of those presented in his other lawsuit, No. 17-cv-599; and (2) plaintiff can only bring a claim under 42 U.S.C. § 1983 for violations of constitutional rights against state actors. In other words, this statute does not permit constitutional claims asserted against private individuals, for example, health care professionals at Gunderson Boscobel Area Hospital.[1]

Once plaintiff submits an amended, stand-alone complaint, the court will then screen it pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

ORDER

IT IS ORDERED that:

1) Plaintiff Kevin E. Sierra-Lopez's motions to amend his complaint (dkt. ##17, 20) are DENIED without prejudice to plaintiff submitting an amended complaint consistent with this order.

2) Plaintiff's supplements to, corrections and amended complaints (dkt. ##9, 18, 19, 21) are STRUCK.

3) Plaintiff's amended complaint is due on or before June 27, 2019.

Entered this 6th day of June, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[1] The court also notes that in his most recent filings in this case and in No. 17-cv-599, plaintiff is using a style of writing that is very difficult to process. The court would appreciate if plaintiff would use the style of writing in his original complaint in further submissions.